

ORIGINAL

FILED

09/26/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0508

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0508

_____

BRANDY J. ABSHER (f/n/a PERSOMA),

      Petitioner,

      v.

MONTANA FOURTEENTH JUDICIAL
DISTRICT COURT, MUSSELSHELL COUNTY,
THE HONORABLE RANDAL I. SPAULDING,
PRESIDING

      Respondent.

_____

FILED

SEP 2 6 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing herself, Brandy J. Absher, formerly known as Brandy Persoma (Brandy), has filed a Petition for Writ of Supervisory Control or Writ of Mandate, concerning a 2016 dissolution and parenting plan proceeding. Brandy maintains that the Fourteenth Judicial District Court, Musselshell County, never issued an order after a September 11, 2020 hearing on her motion to contempt. Brandy raises three issues and alleges that the District Court has failed to act on various pleadings in the last three years. Brandy provides several exhibits in support of her Petition.

Brandy explains that the District Court entered its Findings of Fact, Conclusions of Law, and a Final Parenting Plan (Decree) on April 16, 2020. Brandy provides that she appealed the Decree, as a self-represented litigant, on May 15, 2020. This Court affirmed. *In re the Marriage of Persoma*, No. DA 20-0277, 2021 MT 89N, 2021 Mont. LEXIS 351.

Brandy believes that, due to her pro se status as a litigant in the District Court, the court has not treated her fairly. She explains that she retained counsel after she filed an appeal because her motions had not been addressed. On July 30, 2020, Brandy's counsel filed an affidavit and a motion for contempt based on her former husband's failure to pay

various marital debts and other monies according to the court's Decree.[1] She claims that the District Court has abused its discretion by not issuing an order on the motion for contempt after holding a hearing, causing a gross injustice. Secondly, she claims that the court is working under a mistake of law because it did not hold a hearing on her March 2023 motion for civil contempt and enforcement under § 40-5-601, MCA. Lastly, Brandy asserts that the District Court's unwillingness to act in her case for the past three years establishes bias, thus warranting reassignment of a judge. Citing to § 25-2-201, MCA, she contends that a change of venue is required because both parties have resided in Yellowstone County since 2018. She explains that in 2017, she moved the District Court to change venue, but that the court denied her motion.

Brandy requests that this Court accept supervisory control over her case. She posits that a writ of mandate is not appropriate because she feels that the presiding judge lacks "the ability to be fair and impartial at this point[.]" She would like this Court to consider the 2020 motion for contempt and assign the matter to the Yellowstone County District Court.

Supervisory control is an extraordinary remedy. A writ is sometimes justified when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate, when the case involves purely legal questions, and when the court is proceeding under a mistake of law and is causing a gross injustice, or constitutional issues of state-wide importance are involved. M. R. App. P. 14(3)(a)-(c).

This Court has reviewed Brandy's attachments and secured a copy of a recent register of actions. This Court cannot assist Brandy with her requests. We point to our final decision in her appeal, issued in April 2021. There, we addressed the issues Brandy currently raises. Brandy raised the issue that the court "abused its discretion when it failed to consider her posttrial motions[.]" *Persoma*, ¶ 7. This argument included the motion for

---

[1] Brandy's counsel later moved to withdraw from representation. The court granted the motion on November 25, 2020.

2

contempt that Brandy again raises now. We stated: "The District Court did not abuse its discretion or otherwise err in how it handled the multitude of posttrial motions filed by [Brandy] and, while we recognize [Brandy] was denied visitation for a substantial period, the court was endeavoring to protect B.J.P.'s best interests while moving forward to a final parenting plan." *Persoma*, ¶ 11.

Turning to Brandy's second issue claiming that Tyler must pay for the three sons' medical care, this Court concludes no basis exists for the claim. We observe that the underlying case involved a parenting plan concerning only "the care of their daughter, B.J.P." *Persoma*, ¶ 2. The Decree did not include a parenting plan for the three sons. Tyler S. Persoma (Tyler), Brandy's former spouse, adopted Brandy's three teenage sons from a previous relationship; however, the sons were not part of the parenting plan. *Persoma*, ¶¶ 2-3. We explained: "The court dissolved the parties' marriage and ordered the parenting of the three sons was to remain in accordance with the January 2017 order."[2] *Persoma*, ¶ 4. Brandy's attached emails from opposing counsel support this conclusion as well.

Brandy also alleges the District Court erred in denying her motion to change venue. However, this matter was similarly raised in her appeal. We noted that the venue was proper based on the child, B.J.P., being in Musselshell County and that Brandy did not object at the beginning of the proceedings. *Persoma*, ¶ 12.

Finally, this Court does not assign matters to other courts through a petition for writ. M. R. App. P. 14(2).

We conclude that Brandy is not entitled to a writ of supervisory control. The District Court is not proceeding under a mistake of law and causing a gross injustice. Accordingly,

IT IS ORDERED that Brandy Absher's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

---

[2] The court's 2017 order referenced the 2016 interim plan that "concluded [Brandy] would serve as the primary residential parent of the three sons and [Tyler] would be the primary residential parent for B.J.P." *Persoma*, ¶ 3.

3

The Clerk is directed to provide a copy of this Order to: the Honorable Randal I. Spaulding, District Court Judge; Barb Halverson, Clerk of District Court, Musselshell County, under Cause No. DR 16-02; counsel of record, and Brandy J. Absher personally.

DATED this ____ day of September, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices